IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:24-cr-022 |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| LESLIE NICOLE MOTON | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on October 10, 2024, following Defendant's plea of guilty to Count 3 of the Indictment, Straw Purchase of a Firearm in violation of Title 18, United States Code, Sections 932(b)(1), 932(c)(1). The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of 6-12 months' imprisonment, based upon a Total Offense Level of 10, and a Criminal History Category of I. (PSR ¶ 78.) The parties are recommending a probation sentence which is authorized by statute. (R. Doc. 19 ¶ 18) (See USSG § 5C1.1(c) and 5C1.1(e).

## I.    Advisory Guideline Calculation

The PSR calculated a base offense level of 12 pursuant to USSG §2K2.1(a)(7). (PSR ¶ 26.) The Defendant has accepted responsibility for her role this offense which decreases the offense level by 2 pursuant to USSG §3E1.1(a). (PSR ¶ 33.) Neither party submitted any objections to the PSR. (R. Docs. 29, 30.) The only issue for the

1

Court is to determine the appropriate and reasonable sentence to be imposed.

## II.    Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)). "A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The

Court is not required to do so, however. In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The first factor the court looks at is, the nature and circumstances of the offense and the history and characteristics of the Defendant. The Defendant's actions were dangerous to the community but also instigated by Rey Moton (1:23-cr-053). The Defendant purchased a firearm at the request of Rey Moton, a known felon. Mr. Moton then took the firearm on August 18, 2023, and was involved in an altercation with the firearm in Atlantic, Iowa. (PSR ¶¶ 10, 11.) Moton was not truthful with law enforcement on Mr. Moton's knowledge or possession of the firearm. (PSR ¶¶ 17, 18, 21.)

This Court may consider the Defendant's lack of criminal history and military service as mitigating factors in determining an appropriate sentence.

Deterrence and respect for the law are important factors for the Court's consideration. A sentence advocated by the parties, reflect the seriousness of the offense, promote respect for the law, and provide just punishment to this Defendant.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: */s/Shelly Sudmann*
Shelly Sudmann
Assistant United States Attorney
2146 27th Avenue, Suite 400
Council Bluffs, IA 51501
Tele: (712) 256-5009
Email: shelly.sudmann@usdoj.gov

3

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery


__X__ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY

By: */s/SCT*_____
    Paralegal Specialist