IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:24-cr-22-SMR-HCA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SENTENCING MEMORANDUM |
| | ) | OF DEFENDANT |
| LESLIE NICOLE MOTON, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant, Leslie Nicole Moton, by and through the undersigned attorney, and hereby respectfully submits to the Court the following Sentencing Memorandum, setting forth information the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory sentencing factors set forth in 18 U.S.C. § 3553(a).

## I.　INTRODUCTION

On Thursday, October 10, 2024 at 1:00p.m., Ms. Moton is scheduled to be sentenced for straw purchasing of a firearm, in violation of Title 18, United States Code, Sections 932(b)(1) and 932(c)(1). Pursuant to a plea agreement, the parties jointly recommend a five-year term of probation for this Defendant. (PSR ¶ 4; Doc. No. 19 ¶ 18). The Defendant will not call any witnesses and will submit Exhibits A-D by separate filing.

## II.　SENTENCING FACTS AND ARGUMENT

*A. Defendant's personal characteristics*

The Defendant is 23 years-old. (PSR *at* 3). She served honorably in the United States Air Force for nearly 5 years, separating from the Air Force for maternity in June of 2024. (Ex. A; PSR ¶ 69). The Defendant not only served honorably, but received a decoration and awards for

her distinguished meritorious service. (Ex. B-D).  She also served in overseas assignments in Guam and Korea. (Ex. A, B, D).  Honorable military service is a mitigating factor which the Court should consider.  *See generally, Porter v. McCollum*, 558 U.S. 30 (2009); USSG §5H1.11.

Aside from the instant offense, the Defendant has no criminal arrests or convictions, and has never been charged with or convicted of a criminal offense. (PSR ¶¶ 36-41).

The Defendant comes from a good, intact family. (PSR ¶¶ 43, 45-49).  The Defendant is married to Rey Moton, and they have one infant child. (PSR ¶ 50).

While not reflected in the PSR, the Defendant located full time employment in the service industry, beginning the week of September 23, 2024.

*B. Offense Conduct*

Based on the messages cited in the PSR, it is clear that the Defendant initially declined to purchase the firearm for her then-fiance, Rey Moton.  Rey placed a short phone call to the Defendant on August 12, 2023. (PSR ¶ 21).  After this, the following exchange is recorded, with "Moton" designating the Defendant:

> 08/12/2023 12:34 PM from Moton to Rey – "You can't be mad at me for saying no."
> 08/12/2023 12:35 PM Rey to **Moton** – "I just don't care don't even want the shit no more tf"
> 08/12/2023 12:35 PM Rey to **Moton** – "Whatever happens happens. Cause u don't gaf either"
> 08/12/2023 12:35 PM **Moton** to Rey – "Bruh"
> 08/12/2023 12:35 PM Rey to **Moton** – "I'll get my own shit"
> 08/12/2023 12:36 PM **Moton** to Rey – "Okay"
> 08/12/2023 1:07 PM Outgoing phone call to 712-304-1204 (**Moton**)

Id.

Within two hours of that last phone call from Rey to the Defendant, the Defendant had purchased the gun for Rey, as described in PSIR paragraph 19.

### III.     IMPOSITION OF PROBATION

The Defendant does not have a legal defense of duress available to her in this case for her actions in buying a firearm for her then-fiance, now-husband Rey Moton.  That said, it is clear that Rey prevailed on the Defendant, using his influence as her fiancé and father of her child, to get her to act against her expressed better judgment.  When this one bad decision by the Defendant is lined up against the otherwise exemplary young life she has lived, it is reasonable under these circumstances for the Court to follow the joint recommendation of the parties and impose five years of probation.  The Defendant should be given the opportunity, under the direction of the U.S. Probation Office, to show that she can learn from this mistake.  Further, there is no concern the Defendant will be able to purchase another firearm, as she will be precluded from doing so under 18 U.S.C. 922(g)(1).

The Court is authorized to impose a term of probation, anywhere from one to five years. (PSR ¶¶ 78, 83-84; 18 U.S.C. § 3561(c)(1)).  The Defendant cannot afford to pay a monetary obligation. (PSR ¶ 76).  If the Court believes it should impose an additional sanction with probation, in lieu of a fine, the Defendant requests the Court impose community service under 18 U.S.C. § 3563(a)(2), 18 U.S.C. § 3563(b)(12), and U.S.S.G. §§5B1.3(a)(2) and 5F1.3.

The Sentencing Guidelines recommend probation be accompanied by a period of intermittent confinement, community confinement, or home detention, as provided in U.S.S.G. §§5C1.1(e) and USSG §5B1.1(a)(2).  The Defendant requests that the Court vary from the guidelines and not impose one of these as a condition of probation. Alternatively, the Defendant requests a period of home detention with electronic monitoring.  No substance abuse or mental health programming is recommended for the Defendant, therefore community corrections is not suitable.  Home detention will allow the Defendant to continue to work to provide for and care

for her child. Her exemplary conduct on pretrial release shows she is amenable to supervision at home. (PSR ¶ 8).

## IV.   CONCLUSION

The Defendant requests the Court adopt the joint recommendation of the parties, and sentence the Defendant to five years of probation. This sentence is sufficient, but not greater than necessary, to comply with the statutory factors set forth in 18 U.S.C. § 3553(a).

DATED this 3rd day of October, 2024.

Respectfully Submitted,

LESLIE NICOLE MOTON, Defendant

BY:  /s/ J. Robert Black
BLACK & WEIR LAW OFFICES, LLC
209 S. 19th Street, Suite 650
Omaha, NE 68102
Tel:  (402) 513-3650
Fax:  (844) 222-2417
rob@blackweirlaw.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I do hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I served the foregoing document via the CM/ECF system to the following persons:

Shelly Sudmann, AUSA

/s/ J. Robert Black